IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )     2:22-cr-00303-MHT-CWB |
| | ) |
| JOSHUA MCMILLAN | ) |

**RESPONSE TO MOTION TO DISMISS**

The United States of America ("the government"), in compliance with this Court's order (Doc. 102), respectfully submits this response in opposition to Joshua McMillan's motion to dismiss. Doc. 103. McMillan argues that 18 U.S.C. § 922(g)(1)'s prohibition on felons possessing firearms is unconstitutional. *Id.* at 1. McMillan's argument is squarely precluded by binding Eleventh Circuit precedent.

**I.      McMillan's Second Amendment claim fails as a matter of precedent.**

McMillan argues that the Supreme Court's recent decisions regarding the scope of the Second Amendment render 18 U.S.C. § 922(g)(1) unconstitutional. McMillan rests his argument on the Supreme Court's Second Amendment decision in *New York State Rifle Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). In *Bruen*, the Court held that the Second Amendment, as incorporated against the states through the Fourteenth Amendment, "protect[s] an individual's right to carry a handgun for self-defense outside the home." *Bruen*, 142 S. Ct. at 2122. The Court explained that "New York's proper-cause requirement violates the Fourteenth Amendment in that it prevents law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms." *Id.* at 2156.

In its opinion, the Court articulated the legal standard for reviewing Second Amendment claims. The Court held that "when the Second Amendment's plain text covers an individual's

1

conduct, the Constitution presumptively protects that conduct," placing on the government the burden to "demonstrate" that a firearms regulation "is consistent with this Nation's historical tradition of firearm regulation." *Id.* at 2126. This "historical inquiry … will often involve reasoning by analogy," in which courts examine "whether modern and historical regulations impose a comparable burden on the right of armed self-defense and whether that burden is comparably justified." *Id.* at 2133. To justify a modern regulation, the government need "only … identify a well-established and representative historical analogue, not a historical *twin*" *Id.* at 2133. (emphasis in the original).

The Court emphasized that while it was not granting "a regulatory blank check," it also was not imposing "a regulatory straightjacket." *Id.* at 2133. The Court reaffirmed *Heller*'s discussion of "longstanding" "laws forbidding the carrying of firearms in sensitive places such as schools and government buildings," deeming it "settled that these locations were 'sensitive places' where arms carrying could be prohibited consistent with the Second Amendment." *Id.* at 2134.

In a concurring opinion joined by Chief Justice Roberts, Justice Kavanaugh (whose vote, along with that of Chief Justice Roberts, was necessary for the majority) further explained that "the Second Amendment allows a 'variety' of gun regulations," reiterating from the Court's opinion in *Heller* that the Court's analysis does not "cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms," which are among a "[non-]exhaustive" list of "presumptively lawful regulatory measures." *Id.* at 2162 (Kavanaugh, J., concurring) (quoting *Heller*, 554 U.S. at 626–27). Thus, whatever *Bruen* may mean for the

future, it certainly does not mean that 18 U.S.C. § 922(g)(1) is unconstitutional. *Bruen* itself rejects that argument, as did *Heller* before it.

That *Bruen*—a case about law abiding citizens possessing firearms in public—does not upset the last century of jurisprudence on felons-in-possession decides this motion. The Eleventh Circuit has directly addressed whether 18 U.S.C. § 922(g)(1)'s prohibition on felons possessing firearms remains constitutional in light of *Heller* and concluded that it has.

In *United States v. Rozier*, the Eleventh Circuit faced whether *Heller* rendered the prohibition on felons possessing firearms unconstitutional. *United States v. Rozier*, 598 F.3d 768, 770 (11th Cir. 2010). Noting the language of *Heller* itself, the Eleventh Circuit rejected Rozier's argument, explaining, "Thus, statutory restrictions of firearm possession, such as § 922(g)(1), are a constitutional avenue to restrict the Second Amendment right of certain classes of people. Rozier, by virtue of his felony conviction, falls within such a class." *Id.* at 771. McMillian's claim is on all fours with *Rozier* which forecloses his argument.

Nothing that has occurred in the last 13 years undermines *Rozier's* decisive effect. In the Eleventh Circuit, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). For a Supreme Court decision to undermine a panel precedent to the point of abrogation, that decision "must be clearly on point." *Garrett v. University of Alabama at Birmingham Bd. of Trustees*, 344 F.3d 1288, 1292 (11th Cir. 2003). And of course, a "circuit court's decision binds the district courts sitting within its jurisdiction." *McGinley v. Houston*, 361 F.3d 1328, 1331 (11th Cir. 2004); *see, e.g., Repress v. United States*, 713 F. App'x 826, 828 (11th Cir. 2017) (per curiam) (affirming a district court that applied binding circuit precedent despite danger of overruling by an

intervening Supreme Court precedent).

McMillan's argument is a popular one after *Bruen*. It is also foreclosed by binding Eleventh Circuit precedent, and the Supreme Court did not directly address those precedents or undermine them to the point of abrogation. *Bruen* did not address federal criminal law at all. Rather, *Bruen* dealt with the New York licensing scheme for carrying a firearm outside the home. And far from overturning or limiting *Heller* in any way, the *Bruen* Court repeatedly relied on *Heller* as the bedrock of the opinion, just as the Eleventh Circuit did in *Rozier*. Whatever can be said about the Second Amendment, *Bruen*, and felon-in-possession, one thing is abundantly clear—the Supreme Court did not abrogate *Rozier,* and it remains binding on this Court and dispositive in this case.[1]

Perhaps the Eleventh Circuit will revisit its precedents in the future—maybe even in an appeal from this case—but as of now, those precedents remain binding and prevent any relief for McMillan. *See United States v. Isaac*, No. 522CR117LCBHNJ1, 2023 WL 1415597, at *4 (N.D. Ala. Jan. 31, 2023) ("To begin, the *Rozier* court's post-*Heller* determination of § 922(g)(1)'s validity remains binding in this Circuit because *Bruen* is not clearly on point with respect to *Rozier*, so the prior panel rule renders this Court powerless to set *Rozier* aside.").

**II.     McMillan's Second Amendment claim fails as a matter of constitutional law.**

Because Eleventh Circuit precedent decides this case, the Court need not engage in an extended exegesis of the Second Amendment or historical analysis of the laws concerning gun ownership going back to the 1700s. A few points are worth making, however.

First, the Supreme Court has never said that laws prohibiting felons from possessing firearms are unconstitutional. In fact, both the *Heller* and *Bruen* Courts instructed lower courts to

---

[1] In fact, even if *Bruen* did abrogate *Rozier*, that is a decision for the Eleventh Circuit to make, not the district courts.

4

look at statutes and "how and why the regulations burden a law-abiding citizen's right to armed self-defense" when determining whether or not they are constitutional. *Bruen,* 142 S. Ct. at 2133 (citing *Heller*). Thus, the Supreme Court has drawn a distinction between "law abiding citizens" and those who have committed felonies when applying constitutional scrutiny to these statutes. Indeed, in *Heller*, the Court explained that it need not even conduct an exhaustive historical analysis to conclude that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons…." 554 U.S. at 626. *Bruen* does nothing to undermine this clear statement, and the concurrence by Justices Kavanaugh and Roberts reinforces it. *Bruen*, 142 S. Ct. at 2162 (Kavanaugh, J., concurring) (quoting *Heller*, 554 U.S. at 626–27). This Court can take the Supreme Court at its word and deny the motion.

Second, there is nothing historically unusual about felons losing certain rights as a result of their crimes. As this Court is well aware, felons can lose their right to vote, to serve on a jury, and to serve in higher office. For some crimes, they may be required to serve a lifetime term of supervised release or have their freedom of movement or even where they may live restricted. And, of course, felons may lose their freedom entirely and may even have their lives taken as punishment. A law preventing felons from possessing a firearm is not out of step with any of these limitations, and is, in fact, less restrictive than some of them. Although *Bruen* stands for the proposition that firearm ownership protected by the Constitution is not a second-rate right, *Bruen* does not make it a super right either.

A few circuits have considered 18 U.S.C. § 922(g)'s prohibition on a felon's right to bear arms in light of *Bruen*. Two have found it consistent with the history and tradition of the nation. *Vincent v. Garland*, No. 21-4121, 2023 WL 5988299, at *3 (10th Cir. Sept. 15, 2023) ("Though *Bruen* created a new test for determining the scope of the Second Amendment, the Court didn't

appear to question the constitutionality of longstanding prohibitions on possession of firearms by convicted felons. If anything, *Bruen* contains two potential signs of support for these prohibitions."); *United States v. Jackson*, 69 F.4th 495, 502–04 (8th Cir. 2023) (analyzing restrictions on firearm possession going back to the late 1600s).[2] The only circuit to adopt an argument similar to McMillan's did so on narrow grounds in an as-applied challenge; the Third Circuit, en banc, determined that a person found guilty of making a false statement to obtain food stamps did not lose their right to bear arms. *Range v. Att'y Gen. United States of Am.*, 69 F.4th 96, 106 (3d Cir. 2023). Even in the Third Circuit, McMillan, who pleaded guilty to burglary among other charges, would likely find no respite.[3] He certainly cannot in the Eleventh Circuit.

## CONCLUSION

This Court should deny McMillan's motion to dismiss.

Respectfully submitted this 10th day of October, 2023.

<div style="margin-left: 3em;">

JONATHAN S. ROSS
ACTING UNITED STATES ATTORNEY

/s/ Brett J. Talley
BRETT J. TALLEY
Assistant United States Attorney
131 Clayton Street
Montgomery, AL 36104
(334) 223-7280
brett.talley@usdoj.gov

</div>

---

[2] The parties sought en banc review of this decision; it was denied. *United States v. Jackson*, No. 22-2870, 2023 WL 5605618, at *1 (8th Cir. Aug. 30, 2023).

[3] Given the law in the Eleventh Circuit, the government will not burden the Court with a lengthy recitation of the history and tradition surrounding 18 U.S.C. § 922(g). To the extent such an analysis would assist the Court, the district court for the Northern District of Oklahoma has conducted just such an exhaustive historical study. *United States v. Coombes*, 629 F. Supp. 3d 1149, 1156–62 (N.D. Okla. 2022).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:22-cr-00303-MHT-CWB |
| | ) | |
| JOSHUA MCMILLAN | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2023, I electronically filed the foregoing response with the Clerk of the Court using the CM/ECF system which will also serve a copy on counsel for the defendant.

Respectfully submitted,

JONATHAN S. ROSS
ACTING UNITED STATES ATTORNEY

/s/ Brett J. Talley
BRETT J. TALLEY
Assistant United States Attorney
131 Clayton Street
Montgomery, AL 36104
(334) 223-7280
brett.talley@usdoj.gov